**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12982

Non-Argument Calendar

_____

MICHELLE MAUPIN,

*Plaintiff-Appellant,*

*versus*

SCHOOL BOARD OF MIAMI-DADE COUNTY,

MARIA ZABALA,
   in her official and individual capacity,

CARMINE MOLINA,

BRENDA SWAIN,
   in her official and individual capacity,

PIERRE EDOUARD,
   in his official and individual capacity, et al.,

*Defendants-Appellees.*

RASHIMA BYNUM, et al.,

*Defendants.*

———————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cv-21392-RNS

———————————————

Before JORDAN, ROSENBAUM, and KIDD, Circuit Judges.

PER CURIAM:

Michelle Maupin appeals the district court's dismissal of her federal employment discrimination and retaliation claims with prejudice for failure to comply with court orders under Fed. R. Civ. P. 41(b), and the denial of her Fed. R. Civ. P. 60(b) motion to reopen the judgment. After careful review, we conclude that the sanction of dismissal with prejudice was not warranted in this case, so we vacate and remand for further proceedings.

**I.**

Maupin filed a complaint *pro se* in April 2023, alleging retaliation, harassment, discrimination, and defamation under Title VII, 42 U.S.C. §§ 2000e-2 & 2000e-3, the Americans with Disabilities Act ("ADA"), *id.* §§ 12112 & 12203, and state law, arising from her employment as a teacher for the Miami-Dade Public School System at Young Men's Preparatory Academy. Several defendants moved to dismiss.

Before a ruling on the motion to dismiss, Maupin moved for leave to amend in November 2023, and then again in January 2024. She attached amended pleadings to each motion, titled the "First

Amended Complaint" and "Second Amended Complaint," respectively.  In March 2024, a magistrate judge granted the second motion and denied the first motion as moot.

Maupin's Second Amended Complaint raised a total of twelve counts against fourteen defendants.  Maupin alleged claims of discrimination, interference, and retaliation under the ADA (Counts 1, 4–6); discrimination, retaliation, hostile work environment, and negligence under Title VII (Counts 2, 3, 7, 12); deprivation of due process under 42 U.S.C. § 1983 and the Florida Constitution (Count 8); defamation *per se* (Count 9); civil conspiracy (Count 10); and intentional infliction of emotional distress (Count 11).

The defendants to appear in the case filed motions to dismiss in April 2024 and May 2024.[1]  In January 2025, the district court referred the matter to a magistrate judge for a report and recommendation.

Soon after, on January 17, 2025, Maupin filed a third motion for leave to amend her pleading, and she attached a Third Amended Complaint, which omitted Counts 11 and 12.  Maupin stated that amendment was necessary to include facts regarding the recent final decision of the Florida Education Practices Commission on a complaint against Maupin, relating to the events at issue.

---

[1] In June 2024, Maupin filed a notice of voluntary dismissal against six defendants who had not appeared in the case.

The defendants responded that they did not object because the proposed pleading removed two causes of action, but that further amendment should be denied.

On January 24, 2025, a magistrate judge recommended that the district court grant the motion for leave to amend, order Maupin "to serve and file the Third Amended Complaint within three (3) days of an Order granting Plaintiff's Motion," and deny the motions to dismiss as moot. The magistrate judge provided a seven-day period to file objections.

Maupin did not file objections. Instead, on January 30, 2025, she filed a fourth motion for leave to amend, stating that she "inadvertently left off the last two counts" in a rush to file the documents in person. She attached a copy of a Fourth Amended Complaint, which reinstated Counts 11 and 12. Maupin also requested access to the electronic filing system, citing difficulties with physical filing.

On February 3, 2025, the district court adopted the magistrate judge's recommendations and ordered that "Plaintiff's third amended complaint must be filed on or before February 6, 2025." The court did not address Maupin's motion for leave to amend. Maupin did not re-file her Third Amended Complaint by February 6, 2025, as ordered.

On March 31, 2025, the magistrate judge denied Maupin's fourth motion to amend. The judge reasoned that the case had been pending for two years without progress, that the third motion for leave to amend had been granted only because it reduced the

causes of action, and that Maupin did not timely notify the court that the reduction of claims was a mistake. The magistrate judge again ordered Maupin to re-file the Third Amended Complaint, this time by April 15, 2025. In a separate, paperless order dated March 31, 2025, the judge denied Maupin's request for access to the electronic filing system.

Meanwhile, on April 2, 2025, the district court entered a scheduling order, which noted that it was "awaiting Maupin's filing of the fourth version of her complaint, due on or before April 16, 2025," and cited the magistrate judge's order on March 31, 2025.

On April 14, 2025, Maupin filed her Fourth Amended Complaint. The next day, April 15, 2025, the district court struck the pleading, observing that she had been denied leave to file that version of the complaint. The court concluded, "Unless the Plaintiff files her third amended complaint on or before April 18, 2025, as it appears in docket entry 66-1, . . . the Court will dismiss her case with prejudice."

Maupin did not refile the Third Amended Complaint by April 18, 2025. So on April 22, 2025, the court dismissed Maupin's federal claims with prejudice for failure to comply with court orders under Fed. R. Civ. P. 41(b).[2] The court explained, "Based on [her] direct defiance of the [c]ourt's orders, by filing a fourth

---

[2] The district court dismissed Maupin's state-law claims without prejudice, citing the absence of diversity allegations and declining to exercise supplemental jurisdiction.

amended complaint, followed by her failure to respond to the [c]ourt's ultimatum—that she file her third amended complaint or face dismissal—the [c]ourt can divine no lesser sanction that would serve the interests of justice."

On May 7, 2025, Maupin moved to reopen the case under Fed. R. Civ. P. 60(b)(1) or (6). She argued that the Equal Employment Opportunity Commission ("EEOC") had issued her a right-to-sue letter prematurely, that the outcome of the Education Practices Commission proceeding, which concluded with a "decision in [her] favor," was relevant to her claims, and that dismissal with prejudice was "too harsh a penalty." Maupin also claimed that her failure to meet the court's deadlines was beyond her control, because she had failed to receive "critical court notices" due to "malicious third-party cyber attacks and unauthorized intrusions" of her email and text messages.

The district court denied Maupin's motion to reopen. The court reasoned that relief was not warranted under Rule 60(b)(1) because Maupin's failure to file her third amended complaint as ordered was not due to circumstances beyond her control. The court also observed that the burdens on the defendants and the court "would grind on" if the case was reopened. Maupin appeals.

## II.

We review a dismissal under Rule 41(b) for abuse of discretion. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Rule 41(b) allows a district court to dismiss an action for failure to prosecute or to comply with a court order. Fed. R. Civ.

P. 41(b); *Gratton*, 178 F.3d at 1374. But we have a "strong preference that cases be heard on the merits," and we "strive[] to afford a litigant his or her day in court, if possible." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1342 (11th Cir. 2014) (quotation marks omitted). Dismissal with prejudice under Rule 41(b) is "a drastic sanction" of "last resort." *World Thrust Films, Inc. v. Int'l Family Entm't*, 41 F.3d 1454, 1456 (11th Cir. 1995).

Dismissal with prejudice is authorized only if the court finds "a clear pattern of delay or willful contempt (contumacious conduct)" and that "lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1339 (11th Cir. 2005). "[F]indings satisfying both prongs of our standard are essential before dismissal with prejudice is appropriate," *id.*, though they may be "implicit or explicit," *Gratton*, 178 F.3d at 1374. "Mere delay" and "simple negligence" do not suffice to show willful conduct. *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993). "[I]nadvertent and isolated mistakes" are likewise insufficient. *Betty K Agencies*, 432 F.3d at 1340. But "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Here, the district court abused its discretion in dismissing Maupin's federal claims with prejudice under Rule 41(b). We find no clear pattern of willful delay or contumacious conduct, rather than simple negligence or isolated mistakes. *See Betty K Agencies*, 432 F.3d at 1340; *Kilgo*, 983 F.2d at 193.

Although the case had been pending since April 2023, the district court did not identify any misconduct or unreasonable delay by Maupin until after February 2025, when the court ordered her to re-file the Third Amended Complaint. We acknowledge that Maupin failed to comply with this order. But we note that Maupin was awaiting a ruling on her pending motion to amend the Third Amended Complaint based on a mistake—that she had "inadvertently left off the last two counts as she rushed to submit the document"—which was not denied until March 31, 2025, with instructions to re-file the Third Amended Complaint by April 15, 2025.

So the record shows that any arguable willful defiance was limited to (1) Maupin's April 14 filing of the Fourth Amended Complaint, for which leave to amend had been denied, and (2) her failure to respond to the court's April 15 order to re-file the Third Amended Complaint or face dismissal with prejudice. Even so, the court's ultimatum provided only a three-day window to act to prevent dismissal. And the dismissal order was entered on April 22, just one week later. Maupin is a *pro se* litigant, who was required to file conventionally. And based on this record, we can't say that her failure to act within such short time periods reflects willful delay or defiance. *Cf.* Fed. R. Civ. P. 6(d) (providing that parties subject to conventional filing rules generally have three days added to their deadlines).

Even assuming sufficiently willful or contumacious conduct, the district court did not explain why "no lesser sanction . . . would

serve the interests of justice." *See In re Parrott*, 118 F.4th 1357, 1364 (11th Cir. 2024) ("The district court's mere conclusory statement, without explanation, that 'no other sanction short of dismissal will suffice' does not show that the district court made the required finding to warrant the extreme sanction of dismissal."). Maupin had already filed the Third Amended Complaint with her third motion to amend, and it was available on the docket. So Maupin's failure to re-file the Third Amended Complaint did not prevent the defendants from understanding her claims or preparing a response, nor did it otherwise frustrate review of her claims in any significant way. *See Mingo v. Sugar Cane Growers Co-op. of Fla.*, 864 F.2d 101, 102–03 (11th Cir. 1989) (noting that lesser sanctions may be inadequate where the opposing party was prejudiced).

In that regard, the district court's reliance on our unpublished decision in *Williams v. Talladega Community Action Agency*, 528 F. App'x 979, 980 (11th Cir. 2013), is misplaced. The plaintiff in *Williams* refused to correct "her shotgun pleading, which disregarded a court order and made it difficult for defendants to discern the factual and legal allegations against them." *Id.* at 980. Here, in contrast, the defendants expressly did not object to the court granting leave to file the Third Amended Complaint, and Maupin was not required to make any corrections to that pleading.

Plus, as we noted above, the district court dismissed the case within a week of issuing its first and only ultimatum that dismissal with prejudice could result from her failure to re-file the Third Amended Complaint. The short warning period, coupled with her

*pro se* status and obligation to file conventionally, counsels against inferring bad faith or willful disregard from Maupin's failure to act on time. *Cf. Moon*, 863 F.2d at 839 (affirming a dismissal with prejudice where the plaintiff's "conduct and words evidence a refusal to acknowledge the authority of the magistrate and indicate no willingness to comply with court orders").

While we "understand the district judge's frustration" with the lack of progress in the case, "we hesitate to infer from [its comments] that the trial court reflected upon the wide range of sanctions at its disposal and concluded that none save dismissal would spur this litigation to its just completion." *Mingo*, 864 F.2d at 103. And we cannot say that the record here reflects extreme circumstances warranting the drastic sanction of dismissal with prejudice. *See In re Parrott*, 118 F.4th at 1363 ("We have repeatedly cautioned that dismissal is a sanction of last resort, appropriate in only extreme circumstances.").

We therefore vacate the judgment dismissing Maupin's case with prejudice, and we remand for further proceedings consistent with this opinion. Because we vacate the judgment, we need not and do not reach Maupin's arguments with respect to the denial of her motion to reopen under Rule 60(b).

**VACATED AND REMANDED.**